Milton" A. Wiltse, J.
Defendant was found guilty by a jury, in the City Court of Watertown, before the Honorable George G. Inglehart, Jr., City Judge, of violation of section 20 (subd. 4, par. a) of the Vehicle and Traffic Law, on September 14,1960. Judgment of conviction was entered the following day.
Defendant has appealed. Reversal is urged upon several grounds, some of which are discussed herein.
The owner of the car claimed that on the evening of June 19, 1960, he was in a tavern on High Street in Watertown; that he and the defendant had some discussion about transporting a companion to another location in the City of Watertown; that the defendant wished to drive the car, but that he refused her permission to do so because of the belief that she was without an operator’s license, but did tell her she could ride with them; that his automobile was parked near the tavern with all doors apparently locked; that he and the defendant left the tavern after the companion had done so, and proceeded to the car; that defendant had earlier taken the keys to the automobile from him in the tavern, and had refused to return them; that the defendant apparently unlocked the door of the car and entered same, sitting behind the wheel, while he was looking for the person that he intended to transport to some other section of the city; that he did not see the other person, and then entered the car himself, sitting on the passenger side of the car; that he attempted to get the car keys from her because he did not want her to operate the car; that she did not give him the keys; that the car motor was started, and the car operated by the defendant diagonally crossed the street, coming to rest some distance *606 ahead of the point from which, it had been parked, against an embankment on the opposite side of the street.
A police officer who was in a patrol, car on the same street, and who knew the defendant, testified that he passed the car involved in this proceeding, on High Street, a few minutes before the occurrence, and that he had seen the defendant in the same, sitting behind the wheel, and that some male person was sitting on the passenger side of the car. This same police officer testified that he returned to High Street a few minutes after having seen the defendant in the car, and saw the car resting against the embankment on the opposite side of High Street from its former parking place. Other police officers testified that the defendant told them that she did not have a driver’s license and that she was the operator of the car.
It is also claimed by the defendant that one of the witnesses for the People, testified falsely at the time of the trial, and that this testimony caused the verdict of guilty to be reached. The witness referred to was a young lady of the age of 18 years who testified that she had been parked near the tavern, at the curb of a street which intersects High Street, with two young men, and that she had seen the defendant drive the car from the tavern to the point on High Street where it finally came to rest. Affidavits of the two young men, who were not called as witnesses by either side at the trial, were submitted by defense counsel upon this appeal. The substance of the affidavits was that the car in which the three were riding, did not reach the vicinity of the tavern until after the happening of the accid'ent, and therefore the young lady that testified, could not have been in a position to observe the defendant driving.
Although it was not mentioned by any of the witnesses during the trial, the operation of this car resulted in the death of a pedestrian who was walking on High Street and who was struck by the automobile just before it came to rest near the embankment. The defendant claims that the District Attorney made improper remarks before the jury, regarding the fatality.
Nothing appears to have been said of an improper or prejudicial nature, by the District Attorney, regarding that matter.
Even without the testimony of the young lady that the defense counsel claims falsely testified, it is believed that there was sufficient testimony to justify the finding of guilt by the jury.
As to the allegations concerning this young lady, that are set forth by the defendant, and the affidavits of her two companions, the affidavits may not be considered upon this appeal. This court is bound by the return on appeal, and the stenographic transcript of the testimony.
*607 The giving of false testimony, or falsely affirming, after an oath has been administered, should never be condoned, however. The District Attorney is therefore asked to fully investigate the entire matter, to determine whether the young lady accused by the defendant, or the persons making the affidavits, have violated any provision of law. The judgment of conviction, on the record here, should be affirmed in all respects.